OPINION

The matter came on for oral arguments on the merits on the 1st day of December, 2005. The issue before the court is whether Hathaway is properly approves to the Election Commission. The Court answers the question affirmatively.
26 CN CA S II provides that the Election Commission shall be made up of five individuals. The Council appoints two individual, the Principal Chief Appoints two members and the four election commissioners select a fifth individual. The appointment of the fifth individual is subject to confirmation by both the Council and the Principal Chief.
On June 20, 2005, the Council passed a Resolution approving Hathaway as the seated commissioners’ choice to fill the remaining seat. On June 28, 2005, the Principal Chief approved and signed the Resolution. On July 19, 2005, the Principal Chief stated, by written letter to the Election Commission, the he declined to affirm the nomination of Hathaway as the fifth commissioner.
Hathaway contends that the Principal Chiefs signature on the Council’s Resolution constitutes the requisite approval as the fifth commissioner after passing of the Resolution.
The sole question before the Court is whether the Principal Chief has the power to reject a commissioner once he has signed a Resolution of the Council approving the appointment. The Principal Chief contends that a Resolution is not the same as a Legislative Act, and therefore, the action of the Council is not the type of action that requires a veto to evince that Principal Chiefs disapproval.
The Principal Chief contends that his signature on the Resolution was not tantamount to an executive approval, but was simply an acknowledgment of the Council’s approval of Hathaway. The Principal Chief contends that he retained the power, after acknowledging the Council’s position, to disapproval Hathaway.
This Court takes note that in the past, the Principal Chief has vetoed Resolution, in the same manner he has vetoed Legisla *16 tion Acts. If he disapproved ot Hathaway, he should have vetoed the Resolution in that same manner.
The Court finds that the Principal Chiefs signature approving the Resolution constituted binding confirmation of the nominee to the office of Election Board Commissioner.